FORET, Judge.
QUESTION OF TIMELINESS OF APPEAL
Defendant, Dwight E. Baker, was convicted of the crimes of attempted second degree murder and attempted aggravated rape, violations of LSA-R.S. 14:27, 14:30.1 and 14:27, 14:42, respectively. He was sentenced to serve sixteen years at hard labor with the benefit of probation, parole or suspension of sentence. Subsequent to the filing of this appeal, an order to show cause was issued ordering defendant to show why his appeal should not be dismissed as having been untimely perfected under LSA-C.Cr.P. art. 914.
This article requires:
A motion for an appeal may be made orally in open court or by filing a written motion with the Clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the Court.
Defendant was sentenced on April 7, 1983; however he did not move for an appeal of his convictions until April 21, 1983. This time delay is beyond the five (5) day requirement established by the state legislature in Article 914. Thus, the appeal has not met the requirements of this article.
*1271 In reply to the order to show cause, the defendant has applied to this Court for an out-of-time appeal. His allegations state that initially he did not wish to appeal the verdict inasmuch as the sentence was sixteen years, whereas the potential sentences for the crimes charged total one hundred years. However, the defendant subsequently decided upon an appeal, and his counsel immediately filed a motion for appeal, which was granted, on April 21, 1983.
Rule 3-2.1 of the Uniform Rules of the Courts of Appeal provides for out-of-time appeals. It states:
In a criminal action, a defendant who, without fault, has failed to timely take an appeal may, by written motion supported by affidavit, apply to the court for an order permitting the taking of a delayed or out-of-time appeal.
It does not appear that the facts of this case meet the requirements of this rule. The defendant, through his counsel, candidly states that a decision was made not to appeal his case, since his sentence was relatively lenient vis-a-vis the potential sentencing exposure. However, at a later date the defendant changed his mind and wanted to pursue an appeal.
If the defendant’s out-of-time appeal is granted in this factual context, it would have the effect of rendering meaningless the five-day delay imposed in Art. 914 and the “without fault” language of Uniform Rule 3-2.1; thus, allowing future uncertainty concerning the finality of convictions, if defendants, who initially choose not to appeal their eases but at a later date change their minds, are allowed to then appeal their convictions.
For these reasons, defendant’s motion for an out-of-time appeal is denied, and the Rule to Show Cause is made absolute, dismissing this appeal.
APPEAL DISMISSED.