SAVOIE, Judge.
This matter is presently before the Court on the state’s motion to dismiss this criminal appeal as untimely.
Defendants were convicted of unauthorized use of movables valued over $1000. Sentences were imposed on October 4, 1985. Although defense counsel asserts that he orally moved for an appeal after sentencing, the transcript of sentencing proceedings reflects no such motion.
On October 9, 1985, the district court signed an order of appeal. However, the written motion for appeal and order were not filed with the office of the clerk of district court until November 4, 1985.
La.C.Cr.P. art. 914 provides:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court. (Emphasis added.)
Under a technical reading of this statute, the instant appeal appears untimely. However, since the order of appeal was actually signed by the trial judge within the delay provided by the statute, it would be a vain and useless action to dismiss the appeal as untimely. Defendant obviously did not waive his right to appeal and could certainly obtain an out-of-time appeal via application for post-conviction relief. See State v. Counterman, 475 So.2d 336 (La.1985).
The two cases cited by the state are easily distinguishable. State v. Armstrong, 451 So.2d 194 (La.App. 2nd Cir.1984) dealt with an untimely writ application, not an appeal. In State v. Baker, 447 So.2d 1270 (La.App. 3rd Cir.1984) the order of appeal was not signed timely.
For the above and foregoing reasons the motion to dismiss is denied.
MOTION DENIED.