DUFRESNE, Judge.
James Davis pled guilty to Simple Burglary (R.S. 14:62) pursuant to C.Cr.P. art. 893 and was placed on active probation for one year on December 9,1985. On November 17, 1986, a rule to revoke probation was filed. The rule was taken up on March 24, 1988, at the close of the hearing the court ordered that the defendant’s probation be revoked. The court then sentenced the defendant to two years at hard labor, consecutive to any other sentence the de *522 fendant may be serving. The defendant filed a motion for appeal on April 5, 1988.
The appeal is untimely. C.Cr.P. art. 914 states:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court.
Following the expiration of time limitations for seeking an appeal, the conviction and the sentence imposed become final and are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. See State v. Counterman, 475 So.2d 336 (La.1985)
The appropriate procedural vehicle to seek the exercise of the right to appeal after the legal delays have expired is an application for post-conviction relief. See State v. Counterman, supra. See also State v. Savage, 514 So.2d 174 (La.App. 5th Cir.1987).
Accordingly, the appeal is dismissed and the case is remanded to allow the defendant to seek reinstatement of his right to appeal.
APPEAL DISMISSED, CASE REMANDED.