680 So.2d 77 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Shannon J. LABICHE, Defendant-Appellant.
No. CR96-433.
Court of Appeal of Louisiana, Third Circuit.
July 31, 1996.
Bernard E. Boudreaux, Jr., Dist. Atty., for State of Louisiana.
George W. McHugh, Jr., St. Martinville, for Shannon J. Labiche.
Before SULLIVAN, DOUCET and THIBODEAUX, JJ.
SULLIVAN, Judge.
On March 28, 1995, defendant, Shannon J. LaBiche, pled guilty to sexual battery, a violation of La.R.S. 14:43.1. On June 19, 1995, the defendant was sentenced to ten (10) years at hard labor to run consecutive with a sentence imposed on an unrelated manslaughter charge. Eight months later, on February 16, 1996, the defendant filed a written motion for appeal. Because the defendant's appeal is untimely, we dismiss the appeal ex proprio motu.
La.Code Crim.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
When a defendant fails to make a motion for appeal within the time provided in Article 914, he loses his right to obtain an appeal by simply filing a motion for appeal in the trial court. At the conclusion of the sentencing proceeding, an oral motion to reconsider was made and denied. Upon expiration of the five day period after the trial court's ruling on the oral Motion to Reconsider Sentence, defendant's conviction and sentence became final. Thus, defendant's only recourse after the five day period is to seek reinstatement of his right to appeal in the trial court by filing an application for post-conviction *78 relief. State v. Counterman, 475 So.2d 336, 339 (La.1985).
Accordingly, defendant's untimely appeal is dismissed.
APPEAL DISMISSED.