768 So.2d 99 (2000)
STATE of Louisiana
v.
Christopher DIXON.
No. 00-00516-KA.
Court of Appeal of Louisiana, Third Circuit.
June 7, 2000.
*100 F. Wayne Frey, Assistant District Attorney, Lake Charles, Louisiana, Counsel for State /Appellee.
Pamela Viney Mathews, Lake Charles, Louisiana, Counsel for Defendant/Appellant.
(Court composed of Judge SYLVIA R. COOKS, Judge JIMMIE C. PETERS, Judge GLENN B. GREMILLION).
GREMILLION, Judge.
In the above-captioned motion, the State of Louisiana has filed a "Motion & Order to Dismiss Appeal" contending that the defendant, Christopher Dixon, never requested an out-of-time appeal and that the trial court's order granting an out-of-time appeal was improper. The State further indicates that, if Defendant is permitted to pursue the appeal, he will be given two bites of the apple because the time frame for filing post conviction relief will start over. We order that Defendant's motion be treated as an application for post conviction relief and remand the case to the trial court for further proceedings.

OPINION
Defendant was sentenced on May 6, 1996, to serve ten years at hard labor for attempted second degree kidnapping, five years at hard labor for attempted armed robbery, and eight years at hard labor for aggravated burglary. These sentences were ordered to run concurrent to each other. The sentencing transcript indicates that Defendant entered pleas of guilty to these charges on March 13, 1996. The chronological index contained in the record indicates that, after sentencing, Defendant filed a motion for bill of particulars on November 27, 1996, and a motion for production of public records on September 23, 1997. His next filing was not until February 24, 1999, when he filed a motion to reconsider sentence. At the hearing on this motion held on October 29, 1999, the State argued that Defendant's motion should be treated as a motion for post conviction relief. The trial court converted the matter to an "out-of-time post conviction relief pleading" and ordered a hearing in the matter. The trial court continued the hearing until December 17, 1999, so that witnesses could be compelled to testify.
At the December 17, 1999 hearing, the trial court found no merit to Defendant's motion to reconsider sentence. On January 18, 2000, Defendant filed a motion and *101 order for appeal. The written document filed by Defendant indicates that he desired to appeal his May 6, 1996 conviction, but it does not reference the ruling on the motion to reconsider sentence/post conviction relief application. The trial court then ordered Defendant be granted an appeal returnable to this court in accordance with law. An appeal was lodged with this court on April 13, 2000.
La.Code Crim.P. art. 914 provides that a motion for appeal must be made no later than five days after rendition of the judgment from which the appeal is taken or five days from the ruling on the motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. We find that the application considered and ruled on by the trial court on December 17, 1999, was not a proper motion to reconsider sentence pursuant to Article 881.1 as it was not filed timely under that Article. Furthermore, even if the motion were to be considered a motion for appeal, it was not filed within the five-day time constraints of Article 914. Therefore, Defendant's conviction and sentence became final. Once a defendant's conviction and sentence have become final, they are no longer subject to review under the ordinary appellate process unless the defendant obtains reinstatement of his right to appeal by way of post conviction relief. State v. LaBiche, 96-433 (La.App. 3 Cir. 7/31/96); 680 So.2d 77.
State v. Counterman, 475 So.2d 336 (La. 1985) sets forth the procedure which should be followed to obtain the right to file an out-of-time appeal. In Counterman, the defendant was sentenced on February 10, 1983. No appeal was filed within the time period set forth in Article 914. On April 10, 1984, the defendant filed a motion for an out-of-time appeal. The trial court granted the motion without a hearing and without affording the district attorney an opportunity to respond to the motion. The First Circuit Court of Appeal dismissed the appeal "on the basis that the trial court was without authority or jurisdiction to grant an out-of-time appeal on an ex parte motion." Id. at 338. The defendant filed a motion for out-of-time appeal with the court of appeal, which was denied. The defendant then filed a motion for out-of-time appeal with the supreme court. The supreme court held that the defendant lost his right to obtain an appeal by simply filing a motion for an appeal after the time delays had runnot because the trial court was divested of jurisdiction but "because the conviction and sentence became final when the defendant failed to appeal timely." Id. (footnote omitted). The supreme court held that the proper procedure for obtaining an out-of-time appeal is by filing an application for post conviction relief pursuant to La.Code Crim.P. arts. 924-930.7.[1] In so ruling, the supreme court found several advantages to following this procedure. Primarily, the district attorney would be allowed an opportunity to oppose a request, and the defendant would be afforded an evidentiary hearing to prove his allegations.
An out-of-time appeal is appropriately granted when the trial court has determined it is warranted "after due consideration of such factors as the length of the delay in defendant's attempt to exercise the right and the adverse effect upon the state caused by the delay." Id. at 340. The supreme court ultimately concluded that the defendant's motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief and remanded the case to the trial court for consideration as such. Following Counterman, we find that Defendant's January 18, 2000 motion for appeal should have been treated by the trial court as an application for post conviction relief requesting an out-of-time appeal. We note that La.Code Crim.P. art. 930.8 now provides that the time delays for filing an application for post conviction relief *102 are applicable to requests for out-of-time appeals, unless an exception is made. Therefore, Defendant shall be permitted an opportunity to amend his motion to comply with the requirements of Articles 924-930.8. By doing so, the State will then be given an opportunity to contest the granting of an appeal.

DISPOSITION
The State's Motion and Order to Dismiss Appeal is granted only insofar that the case is remanded to the trial court for further proceedings. Defendant's motion for appeal shall be treated as an application for post conviction relief giving him an opportunity to amend his motion to comply with La.Code Crim.P. arts. 924-930.8 and allowing the State the opportunity to contest the granting of an out-of-time appeal.
MOTION GRANTED IN PART AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Article 930.8 was not enacted at the time of the decision in Counterman.