STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA05-1543


STATE OF LOUISIANA

VERSUS

CHARLES KING

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 02-1725

HONORABLE EDWARD M. LEONARD, DISTRICT JUDGE


************

**BILLY H. EZELL
JUDGE**


************

Court composed of Billy H. Ezell, J. David Painter, and Glenn B. Gremillion, Judges.


**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS**.

**Peggy Sullivan**
**Louisiana Appellate Project**
**P.O. Box 2775**
**Monroe, LA 71210-2775**
**Telephone: (318) 387-6124**
**COUNSEL FOR:**
      **Defendant/Appellant -Charles King**

**Robert Vines**
**Assistant District Attorney**
**300 Iberia St., Suite 200**
**New Iberia, LA 70560**
**Telephone: (337) 369-4420**
**COUNSEL FOR:**
      **Plaintiff/Appellee-State of Louisiana**

**Ezell, Judge.**

On December 14, 2005, this court issued a rule to show cause why the appeal in the above-captioned case should not be dismissed due to its untimely perfection. In response, Defendant, Charles King, filed a brief with this court arguing that this court should consider the trial court's order of appeal as an order granting an out-of-time appeal. In the alternative, Defendant requested this court to remand the matter so that Defendant may amend his motion for appeal for compliance with the law relating to post-conviction relief applications. We hereby order that Defendant's motion for appeal be treated as an application for post-conviction relief and remand the case to the trial court for further proceedings.

On July 18, 2005, the Defendant pled guilty to second degree kidnapping and aggravated second degree battery. On the same date, in accordance with a plea agreement, the Defendant was sentenced to serve fifteen years at hard labor on each count with the sentences to run concurrently. As a part of the plea agreement, the District Attorney also agreed not to file habitual offender proceedings against the Defendant.

The record reflects that no motion for reconsideration of sentence was filed on behalf of the Defendant. On August 26, 2005, the Defendant filed a pro se motion for appeal. On September 19, 2005, the trial court signed an order appointing the Louisiana Appellate Project to represent the Defendant on appeal.

Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. As the record reflects that no motion for reconsideration of sentence was filed, the Defendant had to file his motion for appeal within thirty days

1

of July 18, 2005, the date on which he was sentenced. The Defendant's motion for appeal was filed more than thirty days after the date on which he was sentenced. Because Defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his conviction and sentence became final. Once Defendant's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. *State v. Labiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. Thus, Defendant must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. *Id.*; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985).

In *Dixon*, this court stated:

> *State v. Counterman*, 475 So.2d 336 (La.1985) sets forth the procedure which should be followed to obtain the right to file an out-of-time appeal. In *Counterman*, the defendant was sentenced on February 10, 1983. No appeal was filed within the time period set forth in Article 914. On April 10, 1984, the defendant filed a motion for an out-of-time appeal. The trial court granted the motion without a hearing and without affording the district attorney an opportunity to respond to the motion. The First Circuit Court of Appeal dismissed the appeal "on the basis that the trial court was without authority or jurisdiction to grant an out-of-time appeal on an *ex parte* motion." *Id.* at 338. The defendant filed a motion for out-of-time appeal with the court of appeal, which was denied. The defendant then filed a motion for out-of-time appeal with the supreme court. The supreme court held that the defendant lost his right to obtain an appeal by simply filing a motion for an appeal after the time delays had run--not because the trial court was divested of jurisdiction but "because the conviction and sentence became final when the defendant failed to appeal timely." *Id.* (footnote omitted). The supreme court held that the proper procedure for obtaining an out-of-time appeal is by filing an application for post conviction relief pursuant to La.Code Crim.P. arts. 924-930.7. [footnote omitted.] In so ruling, the supreme court found several advantages to following this procedure. Primarily, the district attorney would be allowed an opportunity to oppose a request, and the defendant would be afforded an evidentiary hearing to prove his allegations.

> An out-of-time appeal is appropriately granted when the trial court has determined it is warranted "after due consideration of such factors as the length of the delay in defendant's attempt to exercise the

2

right and the adverse effect upon the state caused by the delay." *Id*. at 340. The supreme court ultimately concluded that the defendant's motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief and remanded the case to the trial court for consideration as such. Following *Counterman*, we find that Defendant's January 18, 2000 motion for appeal should have been treated by the trial court as an application for post conviction relief requesting an out-of-time appeal. We note that La.Code Crim.P. art. 930.8 now provides that the time delays for filing an application for post conviction relief are applicable to requests for out-of-time appeals, unless an exception is made. Therefore, Defendant shall be permitted an opportunity to amend his motion to comply with the requirements of Articles 924-930.8. By doing so, the State will then be given an opportunity to contest the granting of an appeal.

*Dixon*, 768 So.2d at 101-02.

Accordingly, Defendant's appeal is hereby dismissed and this case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8, and the State is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS**.