# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### KA06-722

STATE OF LOUISIANA

VERSUS

ROBERT THOMAS SMITH

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 259,154
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.

Mary Constance Hanes
Louisiana Appellate Project
Post Office Box 4015
New Orleans, Louisiana  70178-4015
Telephone:  (504) 866-6652
Counsel For Defendant/Appellant:
        Robert Thomas Smith

James C. Downs
District Attorney
701 Murray Street
Alexandria, Louisiana  71309
Telephone:  (318) 473-6650
Counsel For:
        State of Louisiana

**SULLIVAN, Judge.**

Defendant was convicted by a jury on October 20, 2005 of second degree murder, a violation of La.R.S. 14:30.1. He was sentenced on October 26, 2005 to life imprisonment without the benefit of parole, probation, or suspension of sentence. Defendant did not file a motion to reconsider the sentence.

On February 22, 2006, Defendant filed a motion titled "Motion to Appeal," which was granted on March 1, 2006. Appellate counsel was assigned on March 17, 2006, and Defendant's appeal was lodged under docket number 06-722 on June 2, 2006. However, Defendant's appeal is untimely in that his conviction and sentence became final November 26, 2005, thirty days after the sentence was pronounced. La.Code Crim.P. art. 914. Defendant did not move to appeal the conviction and sentence until almost four months after the conviction and sentence became final.

On June 12, 2006, this court ordered as follows:

> The Defendant-Appellant, Robert Thomas Smith, is hereby ordered to show cause, by brief only, on or before July 5, 2006, why the appeal in the above captioned case should not be dismissed as having been untimely perfected. La.Code Crim.P. art. 914.

In compliance with this court's order, Defendant filed his brief on June 29, 2006. In brief, Defendant acknowledges the motion was untimely. He argues that this court could decline to follow the procedure of *State v. King*, 05-1543 (La.App. 3 Cir. 3/8/06), 924 So.2d 1282, wherein a defendant must obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief requesting an out-of-time appeal, for the sake of judicial economy and the overburdened district court, particularly if the State does not oppose the appeal.

In the alternative, Defendant requested that this court instruct the district court to order the public defender to assist Defendant in amending his motion for appeal

1

to an application for post-conviction relief, since it was the action of the public defender which caused the problem. However, La.Code Crim.P. art. 930.7 provides that a trial court *may* appoint counsel for an indigent petitioner only when the petitioner "alleges a claim which, if established, would entitle him to relief."

A motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider the sentence filed pursuant to La.Code Crim.P. art. 881.1. Because Defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his conviction and sentence became final. Therefore, he can no longer obtain an appeal by simply filing a motion. *State v. Labiche,* 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. Defendant must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. *Id.*; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 366 (La.1985).

In *Dixon*, 768 So.2d at 101-102 (footnote omitted), this court stated:

> *State v. Counterman*, 475 So.2d 336 (La.1985) sets forth the procedure which should be followed to obtain the right to file an out-of-time appeal. In *Counterman,* the defendant was sentenced on February 10, 1983. No appeal was filed within the time period set forth in Article 914. On April 10, 1984, the defendant filed a motion for an out-of-time appeal. The trial court granted the motion without a hearing and without affording the district attorney an opportunity to respond to the motion. The First Circuit Court of Appeal dismissed the appeal "on the basis that the trial court was without authority or jurisdiction to grant an out-of-time appeal on an ex parte motion." *Id.* at 338. The defendant filed a motion for out-of-time appeal with the court of appeal, which was denied. The defendant then filed a motion for out-of-time appeal with the supreme court. The supreme court held that the defendant lost his right to obtain an appeal by simply filing a motion for an appeal after the time delays had run--not because the trial court was divested of jurisdiction but "because the conviction and sentence became final when the defendant failed to appeal timely." *Id.* (footnote omitted). The supreme court held that the proper procedure for obtaining an

out-of-time appeal is by filing an application for post conviction relief pursuant to La.Code Crim.P. arts. 924-930.7. In so ruling, the supreme court found several advantages to following this procedure. Primarily, the district attorney would be allowed an opportunity to oppose a request, and the defendant would be afforded an evidentiary hearing to prove his allegations.

An out-of-time appeal is appropriately granted when the trial court has determined it is warranted "after due consideration of such factors as the length of the delay in defendant's attempt to exercise the right and the adverse effect upon the state caused by the delay." *Id*. at 340. The supreme court ultimately concluded that the defendant's motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief and remanded the case to the trial court for consideration as such. Following *Counterman*, we find that Defendant's January 18, 2000 motion for appeal should have been treated by the trial court as an application for post conviction relief requesting an out-of-time appeal. We note that La.Code Crim.P. art. 930.8 now provides that the time delays for filing an application for post conviction relief are applicable to requests for out-of-time appeals, unless an exception is made. Therefore, Defendant shall be permitted an opportunity to amend his motion to comply with the requirements of Articles 924-930.8. By doing so, the State will then be given an opportunity to contest the granting of an appeal.

Defendant's appeal is hereby dismissed, and this case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8, and the State is to be given an opportunity to contest the granting of an out-of-time appeal. Moreover, Defendant's request that we order the trial court to appoint the public defender to assist Defendant in amending his motion for appeal is denied.

**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.**

3