STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA06-798

STATE OF LOUISIANA

VERSUS

MARK ANTHONY DELAFOSSE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 3443-97
HONORABLE WILFORD D. CARTER

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Marc T. Amy, and Glenn B. Gremillion, Judges.

APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.

Hon. John Foster DeRosier
District Attorney
P.O. Box 3206
Lake Charles, LA 70602
(337) 437-3400
COUNSEL FOR APPELLEE:
     State of Louisiana

Thomas L. Lorenzi
Lorenzi, Sanchez & Palay
P.O. Box 3305
Lake Charles, LA 70602
(337) 436-8401
COUNSEL FOR APPELLANT:
     Mark Anthony Delafosse

**Thibodeaux, C.J.**

On July 13, 2006, this court issued a rule to show cause why the appeal in the above-captioned case should not be dismissed due to its untimely perfection. In response, defense counsel filed a brief with this court, admitting, under his obligation of candor to the tribunal, that Defendant's appeal was not timely perfected as far more than thirty days have lapsed since the ruling on Defendant's Motion to Reconsider Sentence. Defense counsel further concedes that Defendant's appeal is procedurally barred and subject to dismissal in accordance with the provisions of La.Code Crim.P. art. 914.

Defendant, Mark Anthony Delafossse, was originally charged with first degree murder, in violation of La.R.S. 14:30. However on February 17, 1998, Defendant pled guilty to manslaughter, in violation of La.R.S. 14:31, and armed robbery, in violation of La.R.S. 14:64. On June 5, 1998, the trial court sentenced Defendant to forty years at hard labor for the manslaughter conviction and forty years at hard labor without benefit of probation, parole, and suspension of sentence for the armed robbery conviction. The district court ordered the sentences to run consecutively to each other but concurrently with another sentence Defendant was serving as a result of a probation violation. Also, the trial court gave Defendant credit for time served. Defendant filed a Motion to Reconsider Sentence on July 6, 1998, and the district court denied the motion after conducting a hearing on October 26, 1998. Defendant did not file a motion for appeal.

On November 2, 2000, Defendant filed an application seeking post-conviction relief with the district court, and the trial court denied relief on Defendant's application. In 2003, Defendant submitted supplements to his application for post-conviction relief. The district court granted relief on the supplemented application, vacated Defendant's guilty plea and sentence, and ordered Defendant to be tried for

first degree murder. As a result, the State sought supervisory review of the trial court's ruling. Finding that the "supplemental" applications for post-conviction relief had been untimely filed, this court reversed the district court's ruling and reinstated Defendant's original convictions and sentences. *State v. Delafosse*, an unpublished opinion bearing docket number 04-763 (La.App. 3 Cir. 8/27/04), *writ denied*, 04-2392 (La. 2/4/05), 893 So.2d 84.

Defendant next filed a notice of his intent to appeal with the trial court on February 16, 2006. In response, the district court granted "appealability" and gave Defendant until April 19, 2006 to lodge his record with this court. Defendant then lodged his appeal record with this court within the time set out by the appeal order. Because Defendant attempted to file his appeal in proper person, this court remanded the matter to the district court for an evidentiary hearing either to determine that Defendant was entitled to counsel for his appeal or so Defendant could waive his right to counsel once he was informed of the dangers and disadvantages of self-representation. *State v. Delafosse*, an unpublished order bearing docket number 06-559 (La.App. 3 Cir. 4/24/06).

As ordered, the trial court conducted the hearing and appointed Defendant appellate counsel. Defendant then re-lodged his appeal with this court, and this court ordered Defendant to show cause why his appeal should not be dismissed as being untimely perfected. *State v. Delafosse*, an unpublished order bearing docket number 06-798 (La.App. 3 Cir. 7/13/06). As ordered, Defendant filed a brief with this court on July 12, 2006.

"Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code

2

Crim.P. art. 881.1." *State v. King*, 05-1543 (La.App. 3 Cir. 3/8/06), 924 So.2d 1282. Because Defendant filed his motion for appeal on February 16, 2006, which was well beyond the time provided by La.Code Crim.P. art. 914, his conviction and sentence had already become final prior to his motion for appeal. "When a defendant fails to make a motion for appeal within the time provided in Article 914, he loses his right to obtain an appeal by simply filing a motion for appeal in the trial court." *State v. Labiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. In such a situation, a defendant can appeal only after he properly files an application for post-conviction relief seeking reinstatement of his right to appeal, and the trial court grants an out-of-time appeal as post-conviction relief. *King*, 924 So.2d 1282 (citing *Labiche*, 680 So.2d 77; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985)).

Accordingly, Defendant's appeal is hereby dismissed, and the case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8. As Defendant's time for seeking post-conviction relief has also lapsed, Defendant's application for post-conviction relief must both allege and prove that his application fits within an exception to the two-year time limit set out in La.Code Crim.P. art. 930.8. The State is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**