# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA06-239

STATE OF LOUISIANA

VERSUS

ROBERT C. GARNER

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 57713
HONORABLE ROBERT EDWARD BURGESS

**********

## JIMMIE C. PETERS
## JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**

Hon. Don M. Burkett
District Attorney
P. O. Box 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR APPELLEE:
        State of Louisiana

William Jarred Franklin
Louisiana Appellate Project
3001 Old Minden Road
Bossier City, LA 71112
(318) 746-7467
COUNSEL FOR APPELLANT:
        Robert C. Garner

**PETERS, J.**

On July 20, 2006, this court issued a rule to show cause why this appeal should not be dismissed as being untimely perfected. In response, the defendant, Robert C. Garner, filed a brief arguing that this court should consider the trial court's grant of his "Motion for Out-Of-Time Appeal And Appointment Of Appellate Counsel" as a valid order granting him an out-of-time appeal. In the alternative, he requested that this court remand the case so that he may amend his motion to comply with the law relating to post-conviction relief applications. We hereby order that the defendant's motion for appeal be treated as an application for post-conviction relief and remand the matter to the trial court for further proceedings.

After a jury found the defendant guilty of manslaughter, in violation of La.R.S. 14:31, the trial court, on June 24, 2004, sentenced him to thirty years at hard labor. On September 7, 2004, he filed a pro se motion for appellate counsel, which was not granted. On November 15, 2005, he filed the motion now before us, and the trial court granted the motion.

Pursuant to La.Code Crim.P. art. 914, a motion for appeal must be asserted no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. Because the defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his conviction and sentence became final, and once that occurred, he could no longer obtain an appeal by simply filing a motion for appeal. *State v. Labiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. Thus, the defendant must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. *Id.*; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985).

In *Dixon*, this court stated:

> *State v. Counterman*, 475 So.2d 336 (La.1985) sets forth the procedure which should be followed to obtain the right to file an out-of-time appeal. In *Counterman*, the defendant was sentenced on February 10, 1983. No appeal was filed within the time period set forth in Article 914. On April 10, 1984, the defendant filed a motion for an out-of-time appeal. The trial court granted the motion without a hearing and without affording the district attorney an opportunity to respond to the motion. The First Circuit Court of Appeal dismissed the appeal "on the basis that the trial court was without authority or jurisdiction to grant an out-of-time appeal on an *ex parte* motion." *Id.* at 338. The defendant filed a motion for out-of-time appeal with the court of appeal, which was denied. The defendant then filed a motion for out-of-time appeal with the supreme court. The supreme court held that the defendant lost his right to obtain an appeal by simply filing a motion for an appeal after the time delays had run--not because the trial court was divested of jurisdiction but "because the conviction and sentence became final when the defendant failed to appeal timely." *Id.* (footnote omitted). The supreme court held that the proper procedure for obtaining an out-of-time appeal is by filing an application for post conviction relief pursuant to La.Code Crim.P. arts. 924-930.7. [footnote omitted.] In so ruling, the supreme court found several advantages to following this procedure. Primarily, the district attorney would be allowed an opportunity to oppose a request, and the defendant would be afforded an evidentiary hearing to prove his allegations.
>
> An out-of-time appeal is appropriately granted when the trial court has determined it is warranted "after due consideration of such factors as the length of the delay in defendant's attempt to exercise the right and the adverse effect upon the state caused by the delay." *Id.* at 340. The supreme court ultimately concluded that the defendant's motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief and remanded the case to the trial court for consideration as such. Following *Counterman*, we find that Defendant's January 18, 2000 motion for appeal should have been treated by the trial court as an application for post conviction relief requesting an out-of-time appeal. We note that La.Code Crim.P. art. 930.8 now provides that the time delays for filing an application for post conviction relief are applicable to requests for out-of-time appeals, unless an exception is made. Therefore, Defendant shall be permitted an opportunity to amend his motion to comply with the requirements of Articles 924-930.8. By doing so, the State will then be given an opportunity to contest the granting of an appeal.

*Dixon*, 768 So.2d at 101-102.

The defendant's appeal is hereby dismissed and this matter is remanded to the trial court for further proceedings. The defendant is to be permitted an opportunity

2

to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924 through 930.8, and the State of Louisiana is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**