# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA06-1254

STATE OF LOUISIANA

VERSUS

COREY BARFIELD

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 127688
HONORABLE MARK A. JEANSONNE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and James T. Genovese, Judges.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**

Hon. Charles A. Riddle, III
District Attorney
P. O. Box 1200
Marskville, LA 71351
(318) 253-6587
COUNSEL FOR APPELLEE:
    State of Louisiana

Mr. Mack I. Frank
Attorney at Law
P. O. Drawer 1478
Opelousas, LA 70570
(337) 948-9701
COUNSEL FOR APPELLANT:
    Corey Barfield

**PICKETT, J.**

On September 27, 2006, this court issued a rule to show cause why the appeal in the instant case should not be dismissed due to its untimely perfection. In response, Defendant, Corey Barfield, filed a brief with this court arguing this appeal should not be dismissed on technical grounds, and noting the state has not claimed it has been prejudiced. We hereby order that Defendant's motion for appeal be treated as an application for post-conviction relief and remand the case to the trial court for further proceedings.

Initially, this court feels compelled to note a procedural matter. On the date appellant's counsel, Mack I. Frank, mailed his brief in response to the rule to show cause, the Louisiana Supreme Court issued an opinion in a disciplinary action revoking the license of Mr. Frank and permanently prohibiting him from being readmitted to the practice of law in this state.[1] However, as discussed below, the appeal in the instant case is clearly untimely, therefore, even if Mr. Frank was disbarred at the time he mailed his brief in response to the rule to show cause, any error in such representation of appellant would be harmless.

On April 5, 2005, Defendant pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of La.R.S. 40:979(A)(1), in district court docket number 125,982, and manslaughter, in violation of La.R.S. 14:31(A)(2)(a), in district court docket number 127,688. On June 13, 2005, Defendant filed a "Motion to Withdraw Plea," in district court docket number 127-688, seeking to withdraw his guilty plea to the charge of manslaughter. Following a hearing on December 20, 2005, the trial court denied Defendant's motion to withdraw guilty plea. On the same day, Defendant was sentenced to serve ten years on each conviction.

---

[1] *In re Mack I. Frank*, 06-B-0727 (La. 10/17/06), ____ So.2d ____.

1

In the brief in response to the rule to show cause, Defendant asserts his counsel made an oral motion for appeal following sentencing. However, the transcript and the minutes of December 20, 2005 do not reflect that an oral motion for appeal was made by counsel. A written motion for appeal was filed on April 3, 2006. The trial court granted that motion for appeal, however, on June 13, 2006, the trial court denied the motion for appeal as untimely on the belief that Defendant had not been sentenced on December 20, 2005. According to defense counsel, when the trial judge learned that the clerk's office provided him with incorrect information when it stated Defendant had not been sentenced on December 20, 2005, defense counsel was instructed to refile the motion for appeal. Therefore, a second motion for appeal was filed on July 12, 2006, which was granted.

Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. Contrary to Defendant's assertion, the record does not reflect that an oral motion for appeal was made at sentencing. The first written motion for appeal was filed on April 3, 2006, more than thirty days from the date of sentencing. Because Defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his conviction and sentence became final. Once Defendant's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. *State v. Labiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. Thus, Defendant must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. *Id.*; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985).

In *Dixon*, this court stated:

2

*State v. Counterman*, 475 So.2d 336 (La.1985) sets forth the procedure which should be followed to obtain the right to file an out-of-time appeal. In *Counterman*, the defendant was sentenced on February 10, 1983. No appeal was filed within the time period set forth in Article 914. On April 10, 1984, the defendant filed a motion for an out-of-time appeal. The trial court granted the motion without a hearing and without affording the district attorney an opportunity to respond to the motion. The First Circuit Court of Appeal dismissed the appeal "on the basis that the trial court was without authority or jurisdiction to grant an out-of-time appeal on an *ex parte* motion." *Id.* at 338. The defendant filed a motion for out-of-time appeal with the court of appeal, which was denied. The defendant then filed a motion for out-of-time appeal with the supreme court. The supreme court held that the defendant lost his right to obtain an appeal by simply filing a motion for an appeal after the time delays had run--not because the trial court was divested of jurisdiction but "because the conviction and sentence became final when the defendant failed to appeal timely." *Id.* (footnote omitted). The supreme court held that the proper procedure for obtaining an out-of-time appeal is by filing an application for post conviction relief pursuant to La.Code Crim.P. arts. 924-930.7. [footnote omitted.] In so ruling, the supreme court found several advantages to following this procedure. Primarily, the district attorney would be allowed an opportunity to oppose a request, and the defendant would be afforded an evidentiary hearing to prove his allegations.

An out-of-time appeal is appropriately granted when the trial court has determined it is warranted "after due consideration of such factors as the length of the delay in defendant's attempt to exercise the right and the adverse effect upon the state caused by the delay." *Id.* at 340. The supreme court ultimately concluded that the defendant's motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief and remanded the case to the trial court for consideration as such. Following *Counterman*, we find that Defendant's January 18, 2000 motion for appeal should have been treated by the trial court as an application for post conviction relief requesting an out-of-time appeal. We note that La.Code Crim.P. art. 930.8 now provides that the time delays for filing an application for post conviction relief are applicable to requests for out-of-time appeals, unless an exception is made. Therefore, Defendant shall be permitted an opportunity to amend his motion to comply with the requirements of Articles 924-930.8. By doing so, the State will then be given an opportunity to contest the granting of an appeal.

*Dixon*, 768 So.2d at 101-102.

Accordingly, Defendant's appeal is hereby dismissed and this case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P.

arts. 924-930.8, and the State is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS**.