# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA06-1617

STATE OF LOUISIANA

VERSUS

COREY RILES

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 00-538
HONORABLE EDWARD M. LEONARD

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.

Hon. J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
    State of Louisiana

Lynden Burton
Pecantte-Burton & Burton
P. O. Box 13738
New Iberia, LA 70562
(337) 367-1779
COUNSEL FOR APPELLANT:
    Corey Riles

**Decuir, J.**

On December 20, 2006, this court issued a rule to show cause why the appeal in the above-captioned case should not be dismissed due to its untimeliness. Defendant-Appellant, Corey Riles, did not file a brief in response to the rule to show cause.

For the following reasons, Defendant's appeal is dismissed and the matter is remanded with instructions.

Defendant pled guilty on November 6, 2001, to possession of a controlled dangerous substance, Schedule II, with intent to distribute. For reasons not completely clear from the record, Defendant was not sentenced until November 19, 2003, at which time he also pled guilty to a charge of possession of a controlled dangerous substance, Schedule II, with intent to distribute, second offence. As a part of the plea agreement, he was ordered to serve fifteen years imprisonment at hard labor on each offense, to be served concurrently.

Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. Defendant filed "Notice of Out of Time Appeal and Order Fixing Return Date" on August 1, 2006. On August 7, 2006, the trial court set a return date of September 7, 2006. Because Defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his convictions and sentences became final in December 2003. In order to seek reinstatement of his right to appeal, a defendant must do so in an application for post-conviction relief. *State v. Labiche,* 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. *See also State v. Dixon,* 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99 and *State v. Counterman*, 475 So.2d 336 (La.1985).

1

This court notes in the "Notice of Out of Time Appeal" Defendant stated that he wished to "appeal the Motion to Reconsider Sentence-Reversal of Sentence." A minute entry dated September 28, 2005, indicates a hearing was held on a motion to reconsider the sentences, which was ultimately denied. As noted above, La.Code Crim.P. arts. 881.1 and 881.2 permits an appeal to be taken from a denial of a motion for reconsideration of the sentence; however, the motion must be filed within thirty days following the imposition of the sentence, or within a longer period as set by the trial court. La.Code Crim.P. art. 881.1(A)(1). There is nothing in the record, nor alleged by Defendant, that the trial court extended the time limitation in which to file for reconsideration of the sentences. The sentences were imposed on November 19, 2003, and the motion for reconsideration was filed April 21, 2005. Therefore, the motion to reconsider was also untimely.

Accordingly, Defendant's appeal is hereby dismissed, and the case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8. As Defendant's time for seeking post-conviction relief has also lapsed, Defendant's application for post-conviction relief must both allege and prove that his application fits within an exception to the two-year time limit set out in La.Code Crim.P. art. 930.8. The State is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**

2