NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA07-127, KA07-128, and KA07-129

STATE OF LOUISIANA

VERSUS

ROBERT WAGNER, JR.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NOS. 04-228, 04-1730, 05-1805
HONORABLE LORI ANN LANDRY

**********

**BILLY H. EZELL
JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS**.

**Hon. J. Phillip Haney**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
     State of Louisiana

**Sherry Watters**
**Louisiana Appellate Project**
**P.O. Box 58769**
**New Orleans, LA 70158-8769**
**(504) 723-0284**
**COUNSEL FOR APPELLANT:**
     Robert Wagner, Jr.

**Ezell, Judge.**

On February 1, 2007, this court issued a rule to show cause why the appeals in the above-captioned cases should not be dismissed due to untimely perfection. In response, Defendant, Robert Wagner, filed a brief with this court arguing that this court should consider the trial court's order of appeal as an order granting an out-of-time appeal. In the alternative, Defendant requested this court to remand the matter so that Defendant may amend his motion for appeal for compliance with the law relating to post-conviction relief applications. We hereby order that Defendant's motion for appeal be treated as an application for post-conviction relief and remand the cases to the trial court for further proceedings.

On November 16, 2005, Defendant pled guilty to the following offenses: three counts of distribution of cocaine, in violation of La.R.S. 40:967(A), one count of possession of cocaine with intent to distribute, in violation of La.R.S. 40:967(A) and (C), one count possession of a schedule III CDS, testosterone, in violation of La.R.S. 40 968(C), and one count of a schedule III CDS, mandrolon, in violation of La.R.S. 40:968(C). On August 24, 2006, subsequent to his plea agreement, Defendant received the following sentences: ten years at hard labor, six years suspended for the three counts of distribution of cocaine conviction, twelve years at hard labor, six years suspended for the possession of cocaine with intent to distribute conviction, and five years at hard labor for the possession of schedule III CDSs, testosterone and mandrolon convictions, all sentences to run concurrently. On August 28, 2006, Defendant filed a motion to reconsider sentence which was denied on August 30, 2006. Defendant then filed a motion for appeal on October 10, 2006, which the district court granted.

Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is

taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. Pursuant to La.Code Crim.P. art. 914, Defendant alleges that he orally motioned to appeal the court's ruling at sentencing based on the following exchange between his attorney, Mr. Boustany, and the court:

> Mr. Boustany: You Honor, the defendant has the right to file a Motion for Reconsideration and Motion for Appeal. He is indigent. I would ask that the Court find him indigent and appoint counsel at this point.
>
> The Court: I don't appoint counsel at this point. He would take care of that with the Indigent Defender Board in the project. I don't do that because I don't know that that will be done. If he files it, then we will deal with it.
>
> Mr. Boustany: I---
>
> The Court: I know. You are asking for another lawyer to be appointed, but I have not seen that motion. If he wants to file it, and that is something that you are going to do for him, and you ask that that be done. Ask that it be done when the right of appeal is filed, as a Motion to Reconsider. Because if you are considering that an oral motion to reconsider, I can rule on that now.

This court finds the language used by Defendant's trial counsel was not sufficient to constitute a motion for appeal.

Because Defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his conviction and sentence became final. Once Defendant's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. *State v. Labiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. Thus, Defendant must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. *Id.*; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985).

In *Dixon*, this court stated:

> *State v. Counterman*, 475 So.2d 336 (La.1985) sets forth the procedure which should be followed to obtain the right to file an

2

out-of-time appeal. In *Counterman*, the defendant was sentenced on February 10, 1983. No appeal was filed within the time period set forth in Article 914. On April 10, 1984, the defendant filed a motion for an out-of-time appeal. The trial court granted the motion without a hearing and without affording the district attorney an opportunity to respond to the motion. The First Circuit Court of Appeal dismissed the appeal "on the basis that the trial court was without authority or jurisdiction to grant an out-of-time appeal on an *ex parte* motion." *Id.* at 338. The defendant filed a motion for out-of-time appeal with the court of appeal, which was denied. The defendant then filed a motion for out-of-time appeal with the supreme court. The supreme court held that the defendant lost his right to obtain an appeal by simply filing a motion for an appeal after the time delays had run--not because the trial court was divested of jurisdiction but "because the conviction and sentence became final when the defendant failed to appeal timely." *Id.* (footnote omitted). The supreme court held that the proper procedure for obtaining an out-of-time appeal is by filing an application for post conviction relief pursuant to La.Code Crim.P. arts. 924-930.7. [footnote omitted.] In so ruling, the supreme court found several advantages to following this procedure. Primarily, the district attorney would be allowed an opportunity to oppose a request, and the defendant would be afforded an evidentiary hearing to prove his allegations.

An out-of-time appeal is appropriately granted when the trial court has determined it is warranted "after due consideration of such factors as the length of the delay in defendant's attempt to exercise the right and the adverse effect upon the state caused by the delay." *Id.* at 340. The supreme court ultimately concluded that the defendant's motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief and remanded the case to the trial court for consideration as such. Following *Counterman*, we find that Defendant's January 18, 2000 motion for appeal should have been treated by the trial court as an application for post conviction relief requesting an out-of-time appeal. We note that La.Code Crim.P. art. 930.8 now provides that the time delays for filing an application for post conviction relief are applicable to requests for out-of-time appeals, unless an exception is made. Therefore, Defendant shall be permitted an opportunity to amend his motion to comply with the requirements of Articles 924-930.8. By doing so, the State will then be given an opportunity to contest the granting of an appeal.

*Dixon*, 768 So.2d at 101-102.

Defendant's appeal is hereby dismissed and this case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-

3

930.8, and the State is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS**.