# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA07-139

STATE OF LOUISIANA

VERSUS

EULICEE JAMAR WILLIAMS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 18073-04
HONORABLE ROBERT WYATT/A. J. PLANCHARD

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.

Hon. John Foster Derosier
District Attorney
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Mark Owen Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
(318) 572-5693
COUNSEL FOR APPELLANT:
    Eulicee Jamar Williams

**Decuir, J.**

Defendant, Eulicee Jamar Williams, was charged by bill of information with one count of aggravated burglary, a violation of La.R.S. 14:60, and two counts of aggravated battery, a violation of La.R.S. 14:34. On May 15, 2006, Defendant pled guilty as charged and was sentenced on July 26, 2006.

On the conviction for aggravated burglary, Defendant was sentenced to ten years at hard labor. On the convictions for aggravated battery, Defendant was sentenced to five years at hard labor on each conviction, with all but two years suspended on each conviction, each to be served concurrently with the other, but consecutively to the ten-year sentence.

On October 27, 2006, Defendant filed a "Motion to Clarify and Amend Sentence." A hearing was held on November 17, 2006, wherein the trial court reiterated the above ordered sentences. Defendant made an oral motion to reconsider the sentence, which the trial court denied.

On November 21, Defendant filed "Motion for Appeal and Designation of Record." The trial court granted the motion on the same day. On February 5, 2007, this court issued a rule to show cause directing Defendant-Appellant to show cause, by brief only, why the appeal should not be dismissed as untimely.

Defendant's brief in response to the rule was received on February 28, 2007. In brief, he argues the motion for appeal was timely, in that at the hearing to clarify the sentence, the trial court increased Defendant's sentence, therefore he had thirty days from the pronounced increase in which to appeal the sentence. In the alternative, Defendant argues his application to this court should be considered a properly granted out-of-time appeal, and therefore the issue of Defendant's sentence is properly before this court.

1

This court notes that at the hearing on the motion to clarify the sentence, the trial court stated that the sentences it intended for Defendant to receive as a result of the plea agreement are the sentences Defendant is currently serving. Therefore, since the sentences are not illegal sentences, and the sentences have been executed, the trial court has no authority to amend the sentences.

Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. The sentences were pronounced on July 26, 2006. Defendant did not file a motion to reconsider the sentences. The motion for clarification and amendment of the sentences was not filed until October 27, 2006, three months after execution of the sentences.

Because Defendant failed to file his motion for appeal within the time provided by La.Code Crim.P. art. 914, his conviction and sentence became final. Once Defendant's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. *State v. Labiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. Thus, Defendant must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. *Id.*; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985).

In *Dixon*, this court stated:

> *State v. Counterman*, 475 So.2d 336 (La.1985) sets forth the procedure which should be followed to obtain the right to file an out-of-time appeal. In *Counterman*, the defendant was sentenced on February 10, 1983. No appeal was filed within the time period set forth in Article 914. On April 10, 1984, the defendant filed a motion for an out-of-time appeal. The trial court granted the motion without a hearing and without affording the district attorney an opportunity to respond to the motion. The First Circuit Court of Appeal dismissed the appeal "on the basis that the trial court was without authority or jurisdiction to grant

2

an out-of-time appeal on an *ex parte* motion." *Id.* at 338. The defendant filed a motion for out-of-time appeal with the court of appeal, which was denied. The defendant then filed a motion for out-of-time appeal with the supreme court. The supreme court held that the defendant lost his right to obtain an appeal by simply filing a motion for an appeal after the time delays had run--not because the trial court was divested of jurisdiction but "because the conviction and sentence became final when the defendant failed to appeal timely." *Id.* (footnote omitted). The supreme court held that the proper procedure for obtaining an out-of-time appeal is by filing an application for post conviction relief pursuant to La.Code Crim.P. arts. 924-930.7. [footnote omitted.] In so ruling, the supreme court found several advantages to following this procedure. Primarily, the district attorney would be allowed an opportunity to oppose a request, and the defendant would be afforded an evidentiary hearing to prove his allegations.

An out-of-time appeal is appropriately granted when the trial court has determined it is warranted "after due consideration of such factors as the length of the delay in defendant's attempt to exercise the right and the adverse effect upon the state caused by the delay." *Id.* at 340. The supreme court ultimately concluded that the defendant's motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief and remanded the case to the trial court for consideration as such. Following *Counterman*, we find that Defendant's January 18, 2000 motion for appeal should have been treated by the trial court as an application for post conviction relief requesting an out-of-time appeal. We note that La.Code Crim.P. art. 930.8 now provides that the time delays for filing an application for post conviction relief are applicable to requests for out-of-time appeals, unless an exception is made. Therefore, Defendant shall be permitted an opportunity to amend his motion to comply with the requirements of Articles 924-930.8. By doing so, the State will then be given an opportunity to contest the granting of an appeal.

*Dixon*, 768 So.2d at 101-02.

Defendant's appeal is hereby dismissed and this case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8, and the State is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**

3