PER CURIAM.
This case relates to an out-of-time appeal. We dismiss and remand. The record shows the defendant, Ms. Anita I. Patetta, pled guilty to a charge of negligent homicide and was sentenced to five years at hard labor. The execution of the sentence was suspended, and the defendant was placed on five years’ active probation, two years of community service, and restitution payments of $75 per week for five years to the victim’s mother. Sentencing occurred on June 27, 1980, and at a hearing held on June 27, 1985, the probation was revoked and the original sentence of hard labor for five years was imposed. From this sentence, the defendant appeals.
The central issue presented is whether the defendant (who seeks an appeal after the time delay for appeal has elapsed) is relegated to post-conviction relief, or whether the court of appeal may recognize an out-of-time appeal on its own motion.
Louisiana Code of Criminal Procedure article 914 provides:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court.
Louisiana Code of Criminal Procedure article 915 requires the court to order an appeal when a motion for appeal is made in conformity with articles 912, 914 and 914.1. However, when a defendant fails to make a motion for appeal within the time provided in article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court.
The record reflects that Ms. Patetta filed an oral motion for appeal on June 27, 1985, when her probation was revoked. No assignments of error were made at that time; however, the appellant’s brief reveals that all assignments concern the original sentence rendered on June 27, 1980. Accordingly, we find that the defendant has no right to an appeal under La.C.Cr.P. arts. 914 and 915 and must now seek to have her appellate rights reinstated. State v. Counterman, 475 So.2d 336 (La.1985).
In Counterman, the Louisiana Supreme Court explicitly set forth the procedures applicable in this instance:
The defendant who has failed to appeal timely should seek reinstatement of his right to appeal in the district court in which the conviction was obtained ... The district court is clearly in the best position, after notice to the district attorney and after a hearing (if necessary), to determine whether the applicant is entitled to relief ...
The Counterman court concluded:
... that the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an *1135 application for post conviction relief pursuant to Articles 924-930.7.[1]
We note that even though the Counterman opinion was rendered on September 10, 1985, some two and one-half months after the defendant’s revocation hearing, it was the policy of this court, prior to Counterman, to dismiss the appeal and remand the matter to the district court for an evi-dentiary hearing for that court to determine whether the appeal should have been granted.
Accordingly, for the reasons assigned, this matter is dismissed and remanded to the district court for a post-conviction evi-dentiary hearing.
DISMISSED AND REMANDED.

. Regardless, this court has no jurisdiction to recognize the defendant’s right to appeal. Should such right be denied at the district court level, the Louisiana Supreme Court is vested with "exclusive supervisory jurisdiction ... of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982.” La. Const, of 1974 art. V, § 5(E). See also La.Const. of 1974 art. V, § 10(C); State v. Bradley, 445 So.2d 209 (La.App. 4th Cir.1984).