EDWARDS, Judge.
Defendant was convicted and sentenced for aggravated rape and aggravated burglary. He did not appeal timely. Later, counsel filed a motion for an “out-of-time” appeal, alleging solely that defendant had only recently informed his office of his desire to appeal. It was granted ex parte, i.e. without a response by the state or hearing. This Court dismissed the appeal, noting that the district court is without jurisdiction to grant an out-of-time appeal ex parte. State v. Counterman, 461 So.2d 664 (La.App. 1st Cir.1984).
Defendant then applied to this Court for an out-of-time appeal. The request was docketed as KW 85 0110 and denied on January 5, 1985, with the statement that the allegation that defendant had only recently informed defense counsel’s office of the desire to appeal did not “show a constitutional deprivation of the right to appeal.”
The Louisiana Supreme Court then granted defendant’s application for certiorari and issued a full opinion. State v. Counterman, 475 So.2d 336 (La.1985). The Court said that post conviction relief procedures should be followed in such cases, and explained why: The state gets a chance to oppose or concur in the request, and the defendant is afforded a hearing. The Court concluded by stating:
Defendant’s motion for out-of-time appeal in the trial court in this case should have been treated as an application for post conviction relief. We therefore remand the matter for such proceedings. Because defendant has made subsequent allegations which may affect his request for reinstatement of his right to appeal, he should be allowed to amend his application to include any additional relevant allegations.
For these reasons, defendant’s motion for an out-of-time appeal is remanded to the trial court to be considered as an *87 application for post conviction relief, after defendant has been afforded an opportunity to amend the application.
Defendant filed a “Supplemental and Amending Application for Post-Conviction Relief” thereafter, though it was not on the form required by La.C.Cr.P. art. 926 D. He blamed defense counsel for failure to appeal timely. The district judge signed an undated order of appeal. The corresponding minute entry, dated February 6, 1986, says, inter alia: “The Court granted a post conviction relief and ordered the appeal entered and returnable to the First Circuit Court of Appeal on April 3, 1986.” The record contains no evidence of notice to the state or response by it.
This action of the district court does not comply with the instructions on remand by the Supreme Court. The Code of Criminal Procedure provides that no relief can be granted until the state has responded to the application. See LSA-C.Cr.P. arts. 927-928.
The Supreme Court’s opinion specifically said that the issue is not one of the district court’s lack of jurisdiction to grant an out-of-time appeal. 475 So.2d at 338. It went on to say, however, that post conviction relief was the proper procedural vehicle. 475 So.2d at 339. Thus it appears that the district court had jurisdiction to grant the appeal but simply did so in an improper manner. In this posture we are uncertain whether the appeal is properly before us.
Therefore, pursuant to La. Const. Art. V, § 11, and LSA-R.S. 13:4449, we certify the following question to the Supreme Court: In the instant case, since the trial court failed to follow the Supreme Court’s directive in State v. Counterman, 475 So.2d 336 (La.1985), to consider defendant’s request for appeal as an application for post conviction relief and to employ the proper procedures therefor, is this appeal properly before this Court?
QUESTION CERTIFIED.