499 So.2d 1345 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Albert LATCHIE, Defendant-Appellant.
No. CR 86-418.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1346 Andrew S. Vallien, Natchitoches, for defendant-appellant.
Mike Henry, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before GUIDRY, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
Albert Latchie, 30, was charged with seven felony counts in two bills of information. In the first bill he was charged with four counts of felony theft, one count of simple burglary, and one count of receiving stolen goods, violations of La.R.S. 14:67, 14:62, and 14:69. In the second bill of information he was charged with aggravated battery, a violation of R.S. 14:34.
Latchie made a plea bargain agreement to plead guilty to counts one and three of the first bill of information in exchange for the dismissal of all other counts in that bill of information as well as the aggravated battery charged in the other bill of information. Included in the plea bargain was the agreement that the maximum sentence would be two concurrent five-year sentences.
The plea bargain agreement was subsequently changed to reflect that the defendant would plead guilty to counts three and five (instead of one and three), of the multiple count bill of information.
On March 3, 1986, the defendant entered his plea and was sentenced to serve concurrent five year terms on the two counts.
On March 13, 1986, the defendant filed, in his own behalf, a notice of intent to appeal. The defendant alleges five assignments of error.
We do not reach the merits of the defendant's assignments of error because his appeal is not timely. La.C.Cr.P. Art. 914 requires:
"A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court."
The defendant pleaded guilty and was sentenced on March 3, 1986, but he did not move for an appeal until March 13, 1986. When the defendant failed to appeal within five days, the conviction and sentence became final, and the defendant thereby lost his right to appeal. State v. Counterman, 475 So.2d 336 (La.1985).
A defendant who seeks an appeal after the time for appealing has elapsed is relegated to post-conviction relief. State v. Counterman, supra. The defendant who has failed to appeal timely should seek reinstatement of his right to appeal in the district court in which the conviction was obtained. Id. The district court is clearly in the best position, after notice to the district attorney and after a hearing (if necessary), to determine whether the applicant is entitled to relief. Id. Accordingly, the conviction was final when appealed and the defendant has no right to seek an appeal through the normal appellate processes unless he first obtains in the district court the reinstatement of his right to appeal. Id.
For the foregoing reasons, this appeal should be dismissed.
APPEAL DISMISSED.