514 So.2d 174 (1987)
STATE of Louisiana
v.
Earl SAVAGE.
No. 87-KA-280.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1987.
*175 Thomas J. Divens, New Orleans, for appellant.
John M. Mamoulides, Dist. Atty., 24th Judicial Dist., Parish of Jefferson, State of Louisiana, Ann Lambert, Dorothy A. Pendergast, Asst. Dist. Attys., (Louise Korns, of Counsel, Office of the Dist. Atty.), for appellee.
Before CHEHARDY, C.J., and GRISBAUM and GOTHARD, JJ.
LAWRENCE A. CHEHARDY, Chief Judge.
On October 29, 1986, following a jury trial, Earl Savage was convicted of aggravated burglary (LSA-R.S. 14:60). Subsequently he was multiple-billed and found to be a habitual offender, pursuant to LSA-R.S. 15:529.1. As a result, he was sentenced to 50 years' imprisonment at hard labor on December 17, 1986. He filed a pro se motion for appeal on December 29, 1986, which was granted on January 5, 1987.
LSA-C.Cr.P. art. 914 requires that a motion for appeal must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion here was made 12 days after the defendant's sentencing. In examining the record, we noted this defect. Because an untimely appeal deprives us of jurisdiction, we ordered Savage to show cause why his appeal should not be dismissed.
Savage alleges in his show-cause brief that he was represented by a court-appointed attorney, who requested leave of the trial court to withdraw as counsel immediately after the rendition of sentence; that the court failed to instruct or advise defendant of his right to appeal or of the delays for taking an appeal; and that defendant was without representation until an attorney of the Indigent Defenders Board was appointed to represent him on January 20, 1987.
Savage asserts an out-of-time appeal should not be dismissed when the delay in taking the appeal was not the fault of the defendant. He acknowledges the general rule that a request for an out-of-time appeal should be heard by the trial court. State v. Counterman, 475 So.2d 336 (La. 1985). However, he argues, this court may use a "short-cut procedure" to accomplish the same result, relying on State v. Dye, 475 So.2d 769 (La.1985).
In State v. Counterman, supra, the Supreme Court granted certiorari specifically to determine the appropriate procedure for applications for out-of-time or delayed appeals. There the court stated that a defendant who fails to make a motion for appeal within the time provided in Article 914 loses the right to obtain an appeal by simply filing a motion for appeal in the trial court, because the conviction and sentence become final when the defendant fails to appeal timely. After the time for appealing has elapsed, the court said, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal:
"The defendant who has failed to appeal timely should seek reinstatement of his right to appeal in the district court in *176 which the conviction was obtained. * * The district court is clearly in the best position, after notice to the district attorney and after a hearing (if necessary), to determine whether the applicant is entitled to relief. * * *" 475 So.2d at 339.
The court further concluded that the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is by application for post-conviction relief pursuant to LSA-C.Cr.P. arts. 924-930.7:
"There are several advantages to this procedure. The district attorney is allowed an opportunity to oppose the request (or to concur, if appropriate), and the defendant is afforded an evidentiary hearing to prove his allegations (if the application and supporting documents allege a claim which would entitle the applicant to relief)." 475 So.2d at 339.
Therefore, concluded the court, the trial court may grant post-conviction relief reinstating defendant's right to appeal after considering such factors as the length of the delay and the adverse effect upon the state caused by the delay, "in cases such as those in which the defendant was not substantially notified at sentencing of his right to appeal or those in which the defense attorney was at fault in failing to file or perfect a timely appeal." 475 So.2d at 340.
The defendant here asserts, however, that the requirement set forth in Counterman may be circumvented, on the authority of State v. Dye, supra, which was decided by the Supreme Court less than a month after Counterman. We disagree, because Dye has no value as precedent. The Supreme Court simply granted a writ without issuing a full opinion, stating only, "Granted.
Appeal reinstated. Case remanded to Court of Appeal." 475 So.2d at 769. Defendant is relying on statements by the concurring justices to the effect that they agreed with the short-cut procedure because Dye was so clearly entitled to an out-of-time appeal.
We cannot use those statements as authority to circumvent the Supreme Court's definitive pronouncement in Counterman, supra. Defendant may apply for an out-of-time appeal in the district court by filing an application for post-conviction relief, as set forth in the Counterman decision.
For the foregoing reasons, this appeal is dismissed.
APPEAL DISMISSED.