DUFRESNE, Judge.
Wylie C. Ross pled guilty on April 7, 1987, to the offense of armed robbery. Following the return of a pre-sentence investigation, he was sentenced by Judge Walter Kollin to serve twenty-five years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Although defense counsel objected to the sentence as severe at the time of sentencing, no motion for appeal was filed until June 22, 1987.
The appeal is untimely. C.Cr.P. art. 914 states:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of court.
Following the expiration of time limitations for seeking an appeal, the conviction and the sentence imposed become final and are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. See State v. Counterman, 475 So.2d 336, 338 (La.1985).
The appropriate procedural vehicle to seek the exercise of the right to appeal after the legal delays have expired is an application for post conviction relief. See State v. Counterman, supra. As the motion for appeal appearing in the record was filed after the conviction and sentence became final, and as the defendant in the present case did not seek reinstatement of his appellate rights, the appeal is not properly before the court and should be dismissed. See also State v. Meihan Chan, 515 So.2d 831 (La.App. 5th Cir.1987).
There is nothing in the record which shows that the defendant obtained reinstatement of his right to appeal as per Counterman.
Accordingly, the appeal is dismissed and the case remanded to allow the defendant to seek reinstatement of his right to appeal.
APPEAL DISMISSED; CASE REMANDED.