PER CURIAM.
Defendant, Kearney B. Alsandor, was convicted of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). He was sentenced to serve eight years at hard labor on September 16, 1988. On September 30, 1988, defendant filed an appeal based upon three assignments of error.
We do not reach the merits of defendant’s assignment of error because his appeal is not timely. La.C.Cr.P. art. 914 requires:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court.
This appeal does not meet the requirements of art. 914. Defendant was sentenced on September 16, 1988, and did not move for an appeal until September 30, 1988. When the defendant failed to appeal within five days, the conviction and sentence became final, and the defendant thereby lost his right to appeal. State v. Counterman, 475 So.2d 336 (La.1985). A defendant who seeks an appeal after the time for appealing has elapsed is relegated to post-conviction relief. State v. Latchie, 499 So.2d 1345 (La.App. 3rd Cir.1986).
Because defendant’s appeal was untimely perfected under the requirements of the Louisiana Code of Criminal Procedure, and because we find no errors patent on the face of the record, this appeal is dismissed.
APPEAL DISMISSED.