767 So.2d 806 (2000)
STATE of Louisiana
v.
William BOWEN.
No. 00-KA-175.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 2000.
*807 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Rebecca A. Becker, Richard C. Bates, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, Attorney for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD, and MADELINE JASMINE, Pro Tempore.
GOTHARD, Judge.
Defendant, William Bowen, was convicted of DWI, fourth offense, and sentenced to ten years at hard labor, the first three years to be served without benefit of probation, parole or suspension of sentence, and a fine of $5,000.00.
We note that defendant's motion for appeal was untimely filed. Defendant was sentenced on May 19, 1999. There is neither an oral motion for appeal nor a motion to reconsider sentence in the record. Defendant filed a "Motion for Appeal" on June 15, 1999, which was granted by the trial court on August 17, 1999. La.C.Cr.P. art. 914 provides for the method and time of appeal, and states in pertinent part that:
B. The motion for appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
In State v. Counterman, 475 So.2d 336 (La.1985), the Louisiana Supreme Court held that a defendant who fails to make a motion for appeal within the time provided in Article 914 loses the right to obtain an appeal by simply filing a motion for appeal. Id. at 338. The Counterman court explained that after the time for appealing has elapsed, the conviction and sentence become final and are no longer subject to review under ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. Id. at 338. The proper procedural vehicle for a defendant to seek the exercise of his right to appeal after the time for appeal has expired is an application for post conviction relief pursuant to La.C.Cr.P. articles 924-930.
Because there is nothing in the record to show that the defendant obtained a reinstatement of his appeal rights, we dismiss the appeal and remand the matter to allow the defendant the opportunity to seek reinstatement of his right to appeal by post conviction relief. See, State v. Williams, 98-819 (La.App. 5 Cir. 1/26/99), 727 So.2d 678.
APPEAL DISMISSED; MATTER REMANDED.