**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA09-490

STATE OF LOUISIANA

VERSUS

BRYAN  MEANS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 145185
HONORABLE MARK A. JEANSONNE, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**APPEAL DISMISSED.**

**Cooks, J. Dissents.  I would allow the appeal to proceed.**

Charles A. Riddle, III
District Attorney, 12th JDC
P.O. Box 1200
Marksville, LA 71351
(318) 253-6587
COUNSEL FOR APPELLEE:
      State of Louisiana

**Mark Owen Foster**
**Louisiana Appellate Project**
**P.O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**COUNSEL FOR APPELLANT:**
    **Bryan Means**

**Painter, Judge.**

On April 28, 2009, this court issued a rule to show cause why the appeal in the above-captioned case should not be dismissed, as there is no motion for appeal in the record. In response, Defendant filed a brief.

In the proceedings below, on June 17, 2008, the State filed a bill of information alleging that Defendant, Bryan Means, is a habitual offender as defined by La.R.S. 15:529.1. The matter was assigned docket number 145185. Defendant was arraigned on June 24, 2008.

On August 19, 2008, the district court held a hearing, and found Defendant to be a habitual offender. On September 16, the court sentenced Defendant to "24.75" years at hard labor. Defense counsel mentioned that Defendant was planning an appeal, but did not move for one. Defendant did file a motion for appeal of the underlying conviction, district court docket number 142140, but no such motion or trial court order granting an appeal was issued regarding the habitual offender proceeding.

In his response to the rule to show cause, Defense counsel argues the comments made below by trial counsel constituted the equivalent of a valid oral motion to appeal. Defendant also cites *State v. Murphy*, 07-2032 (La. 2/22/08), 974 So.2d 1290, in which the supreme court held that La.Code Crim.P. art. 914 "should be construed liberally to effectuate a defendant's constitutional right of appeal in Louisiana." *Id.* The *Murphy* decision reversed this court, which had dismissed the appeal in an unpublished opinion bearing docket number 07-555, issued on September 12, 2007.

In the present case, Defendant's trial counsel made comments indicating that he was contemplating an appeal: "[I]t is my client's desire to proceed forward to reconsideration and appeal as quickly as possible," "[W]e full well intend on stepping through the steps to get an appeal, Judge," and "[T]his would be grounds in the

perspective [sic] appeal, Judge." However, we find that Defendant's language in the current case falls short of the language used to give notice of appeal in the *Murphy* case.

We find that all of the language cited, read together, was not sufficient to put the district court, or the district clerk's office, on notice that the mechanics of an appeal should be set in motion. On the other hand, the district court clerk's office obviously produced a record in contemplation of an appeal. The notice of appeal shows the date of the appeal order as January 14, 2009. We note that the order for the appeal of the underlying charge, lodged in this court under docket number 09-489, is dated January 14, 2009. The motion for appeal is dated January 13, and bears only the docket number of the underlying charge, 142140. It is not clear why the district court clerk's office generated a notice of appeal and an appeal record regarding the habitual offender proceeding. The record contains no order by the trial court granting such an appeal.

We observe that the core issue in *Murphy* was whether the appeal was timely. In the present case, the issue is the basic procedural validity of the appeal, since there was no written motion, or clear oral motion, to appeal and no court order granting an appeal. In effect, it appears the appeal was "granted" by the district court clerk's office. Obviously, such an action is improper; thus, this portion of Defendant's argument lacks merit. La.Code Crim.P. art. 915(A).

Defendant next argues the State and the trial court agreed to allow him to file the appeal under the docket number for the underlying conviction. First of all, it is not clear what motion was being referenced in regard to filing under the underlying conviction's docket number. Next, even if such an agreement was made, we find that it should not be given effect by this court. Recognizing such agreements or

2

stipulations could present significant practical difficulties in future cases. Clearly, motions must bear the docket numbers of the cases they address; if need be, they can carry multiple docket numbers. In the present case, the simple act of putting both of the relevant trial court docket numbers on the motion for appeal, or on an amended motion for appeal, would have eliminated the present procedural difficulties from the case. Thus, Defendant's argument lacks merit.

Finally, Defendant argues the procedure of assigning a new docket number to a habitual offender proceeding acts to impede his appellate rights, as "[i]t creates unnecessary complications for defendants." While this argument may not be an appropriate response to the rule to show cause, the merits can easily be addressed. As noted in the previous paragraph, there is no showing of prejudice; the problem at hand could easily have been remedied by putting both relevant docket numbers on the motion for appeal, or on an amended motion for appeal. Defendant also claims that dismissing 09-490 will deprive him of the use of the relevant sentencing transcript. However, the record for 09-489 contains the sentencing transcript from September 16, 2008. This is the same transcript that appears in the record for the appeal at issue, 09-490. Therefore, these arguments also lack merit.

Also, this court's decision to dismiss the appeal will not do substantial harm to Defendant's case, as he may still file a motion for post-conviction relief seeking reinstatement of his right to appeal his habitual offender sentence. *State v. Counterman*, 475 So.2d 336 (1985).

Defendant's appeal is hereby dismissed.

**APPEAL DISMISSED.**

3