2015-1110 (La. 11/18/16)

**STATE of Louisiana**

v.

**Brian Keith THOMAS**

**No. 2015–KO–1110**

Supreme Court of Louisiana.

11/18/2016

PER CURIAM:

Granted in part; otherwise denied. A claim that a defendant received ineffective assistance from counsel on direct appeal is generally cognizable on collateral review. *See State v. Burkhalter*, 428 So.2d 449, 456 (La. 1983) ("Normally on appeal we do not address assignments relative to ineffective assistance of counsel, relegating such contentions to post conviction relief applications in the district court."); *see also United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002) (noting that claims of ineffective assistance of appellate counsel are collateral attacks). In addition, "[w]hile La.C.Cr.P. art. 930.3 does not expressly provide for the specific form of relief to be granted when the defendant loses his constitutional right to appeal without fault on his part, the court arguably has the inherent authority to grant the limited relief of an out-of-time appeal," *State v. Counterman*, 475 So.2d 336, 340 (1985), defendant here did not lose his constitutional right to appeal. *See State v. Thomas*, 10-0269 (La.App. 3 Cir. 10/6/10), 48 So.3d 1210, *writ denied*, 10-2527 (La. 4/1/11), 60 So.3d 1248, *cert. denied sub nom., Thomas v. Louisiana*, 565 U.S. 859, 132 S.Ct. 196, 181 L.Ed.2d 102 (2011) (mem.). Therefore, the district court erred in granting defendant an out-of-time appeal on his claims of ineffective assistance of appellate counsel and should have instead ruled on the merits of the claims. Furthermore, because the district court declined to rule on the ineffective assistance claims, the court of appeal erred in considering the merits of the appeal. *See* La.C.Cr.P. art. 911 ("Appeal is the exercise of the right of the state or the defendant to have a judgment or ruling reviewed by the proper appellate court."). We grant the application in part to reverse the court of appeal and remand to the district court for a ruling on defendant's post-conviction claims of ineffective assistance of counsel in accordance with the procedures provided in La.C.Cr.P. art. 924 et seq. Thereafter, relator may, if the district court's ruling is unfavorable, seek supervisory review from the court of appeal.