ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS PER CURIAM: 1 iDenied. On the showing made, relator is not entitled to an out-of-time appeal. See State v. Counterman, 475 So.2d 336 (La. 1985). By pleading guilty unconditionally, he waived all non-jurisdictional defects in the proceedings leading to his conviction, State v. Crosby, 338 So.2d 584, 586 (La. 1976), and relator cannot appeal or seek review of a sentence imposed in conformity with a plea agreement. La.C.Cr.P. art. 881.2(A)(2). Relator also fails to show that he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator has now fully litigated his application for post-conviction relief.in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in [¡¡accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.