MARK CROCKLEN, JR.

VERSUS

TIM HOOPER, WARDEN, ELAYN HUNT

CORRECTIONAL CENTER

NO. 21-KH-71

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

March 12, 2021

Susan Buchholz
First Deputy Clerk

**IN RE** MARK CROCKLEN, JR.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 16-6590

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst

## WRIT GRANTED FOR LIMITED PURPOSE

Relator, Mark Crocklen, seeks review of the district court's dismissal of his application for post-conviction relief as premature.

Relator pled guilty to numerous offenses in the district court, waived his right to appeal, and was informed of the time delays to apply for post-conviction relief. Relator timely filed his application for post-conviction relief in the district court, alleging that he was denied his right to counsel of choice and ineffective assistance of counsel. On October 16, 2020, the district court dismissed relator's application for post-conviction relief without prejudice on the basis that it was premature because relator had not yet exhausted his appellate rights. Relator now contends that the district court misapplied La. C.Cr.P. art. 924.1 by forcing him to request an out-of-

time appeal even though he waived his right to appeal his convictions and sentences by entering guilty pleas. We agree with relator's assertion.

In *Boyd v. State*, 20-503 (La. 9/23/20), 301 So.3d 1153, the Louisiana Supreme Court found that although a defendant may seek reinstatement of his right to appeal, he is not required to seek it before he can present a claim of ineffective assistance of counsel by a timely-filed application for post-conviction relief. The Louisiana Supreme Court stated the following:

> Code of Criminal Procedure art. 924.1 provides, "An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending." It should not, however, be construed as requiring that a defendant pursue an appeal he has waived, forfeited, or does not want before he applies for post-conviction relief. In addition, this court in *State v. Counterman*, 475 So.2d 336, 339 (La. 1985), concluded that "the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924–930.7." This court further noted:
>
> > When the defendant has an appeal pending *or may still appeal*, the court cannot entertain an application for post conviction relief. La.C.Cr.P. Art. 924.1. However, when the time for appealing has elapsed without the filing of an appeal, defendant *may seek reinstatement of his right to appeal* by application for post conviction relief in the trial court.

*Counterman*, 475 So.2d at 339 n.4 (emphasis added).

Thus, *State v. Counterman* provides a mechanism by which a defendant *may* seek reinstatement of his right to appeal. It does not *require* that a defendant seek reinstatement of his right to appeal before he can present a claim of ineffective assistance of counsel by timely filed application for post-conviction relief. Notably, claims of ineffective

2

assistance of counsel are normally relegated to collateral review. *See State v. Burkhalter*, 428 So.2d 449, 456 (La. 1983).

Accordingly, this writ is granted for the limited purpose of remanding the matter to the district court, with instructions to consider relator's application for post-conviction relief in accordance with the procedures provided for in La. C.Cr.P. arts. 927 *et seq.*

Gretna, Louisiana, this 12th day of March, 2021.

**RAC**
**MEJ**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **03/12/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**21-KH-71**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Mark Crocklen, Jr. #620187 (Relator)
Elayn Hunt Correctional Center
Post Office Box 174
St. Gabriel, LA 70776