STATE OF LOUISIANA

VERSUS

BURNELL GORDON

NO. 22-KA-67

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 75,32, DIVISION "C"
HONORABLE KATHERINE TESS STROMBERG, JUDGE PRESIDING

November 02, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst

**CONVICTIONS AND SENTENCES VACATED;**
**REMANDED**
    **MEJ**
    **RAC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Ricky L. Babin
    Lindsey D. Manda
    Donald D. Candell

COUNSEL FOR DEFENDANT/APPELLANT,
BURNELL GORDON
    Katherine M. Franks

**JOHNSON, J.**

Defendant, Burnell Gordon, appeals his convictions and sentences for manslaughter and possession of a firearm by a convicted felon by a non-unanimous jury in the 23rd Judicial District Court for the Parish of St. James.  For the following reasons, we vacate his convictions and sentences and remand the matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On October 4, 2016, a 23rd Judicial District Court Grand Jury indicted defendant, Burnell Gordon, with second degree murder in violation of La. R.S. 14:30.1 (count one) and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count two).

On January 29, 2019, the case proceeded to trial, and on January 31, 2019, the jury found defendant guilty of manslaughter on count one by a vote of 11 to 1, and guilty as charged on count two.[1]  On April 29, 2019, the district court sentenced defendant to the Department of Corrections for thirty years on count one and to the Department of Corrections for twenty years without the benefit of parole, probation, or suspension of sentence, and a fine of $5,000 on count two, with the sentences to run concurrently.  Defense counsel did not verbally notice his intent to appeal but filed a written motion for appeal on June 3, 2019 that was denied as untimely on June 26, 2019.

On October 28, 2019, Defendant admitted the allegations of the multiple bill alleging that he was a third felony offender as to count one. That same day, defense counsel filed a written "Motion for Reconsideration of Judgment to Deny Defendant's Motion for Appeal and Designation of the Record," arguing that he had attempted to timely file the motion for appeal by fax on May 28, 2019, but

---

[1] The jury was polled per Defendant's request, but the judge advised the jurors that they would each receive one form on which they were to indicate whether they "voted in favor of those verdicts or not". Both the State and Defendant state in their briefs that the verdicts for both counts were non-unanimous.

later learned from the Clerk of Court that they were having technical difficulties. The district court denied Defendant's motion for reconsideration. On November 6, 2019, the district court denied Defendant's "Notice of Intent to Seek Supervisory Writs with the Louisiana Fifth Circuit Court of Appeals" regarding the district court's denial of his motion to appeal filed on June 3, 2019 as untimely.

On January 27, 2020, Defendant was adjudicated a third felony offender and sentenced to the Department of Corrections for forty-five years at hard labor on count one and to the Department of Corrections for twenty years without the benefit of parole, probation, or suspension of sentence and a $5,000 fine on count two, with the sentences to run concurrently. At the end of the hearing, defense counsel orally noticed his intent to appeal. On September 9 and 20, 2021, Defendant filed an application for post-conviction relief (APCR) and motion for out-of-time appeal pursuant to *State v. Counterman*, 475 So.2d 336 (La. 1985). On September 23, 2021, the district court granted Defendant an out-of-time appeal to appeal his original convictions and sentences and also appointed Louisiana Appellate Project to represent Defendant.

### ASSIGNMENTS OF ERROR

Defendant contends that his convictions by a non-unanimous jury are in violation of *Ramos v. Louisiana*, 590 U.S. - - , 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). Further, he argues that he should not be retried for the offense of second degree murder on remand as this Court determined that following the setting aside of a non-unanimous jury verdict for a lesser included offense the defendant could not face trial for a greater offense than that for which the original verdict was rendered. *See State v. Gasser*, 21-255 (La. App. 5 Cir. 12/16/21), 335 So.3d 342, *writ granted*, 22-64 (La. 3/2/22), 333 So.3d 823, *affirmed*, 22-64 (La. 6/1/22), 2022 WL 2339163.

## LAW AND DISCUSSION

In the instant case, Defendant was charged with second degree murder (count one) and possession of a firearm by a convicted felon (count two). Since the punishments for the offenses in counts one and two were necessarily confinement at hard labor, a jury of twelve persons was required. *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782. A conviction of second degree murder, in violation of La. R.S 14:30.1, results in a sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. A conviction of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, has a sentencing range of five to twenty years, without benefits, and a fine of one to five thousand dollars.

In *Ramos*, the United States Supreme Court found that the Sixth Amendment right to a jury trial, as incorporated against the states by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.[2] The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally ... So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Ramos*, 140 S.Ct. at 1397. Pursuant to *Ramos*, Louisiana must retry defendants who have been convicted of serious offenses by non-unanimous juries whose cases are still pending on direct review. *See State v. Spottsville*, 20-99 (La. App. 5 Cir. 12/23/20), 308 So.3d 1240; *State v. Kelly*, 19-425 (La. App. 5 Cir. 7/31/20), 299 So.3d 1284; *State v. Rivas*, 19-378 (La. App. 5 Cir. 5/21/20), 296 So.3d 1198. The State acknowledges that the Supreme Court's holding in *Ramos* requires that in all criminal cases, the conviction must be by a unanimous verdict and the record in the

---

[2] For purposes of the Sixth Amendment, federal law defines serious offenses as offenses subject to imprisonment over six months. *State v. Harrell*, 19-371 (La. App. 5 Cir. 7/8/20), 299 So.3d 1274, 1283.

instant case reflects that defendant's jury convictions were non-unanimous. Because the verdicts for these serious offenses were not unanimous and the case is still on direct review, Defendant is entitled to a new trial on counts one and two pursuant to the holding in *Ramos*. *See State v. Alexander*, 20-95 (La. App. 5 Cir. 11/3/21), 330 So.3d 1179, 1182; *State v. Dumas*, 21-143 (La. App. 5 Cir. 11/24/21), 330 So.3d 1263, 1264. Therefore, we vacate Defendant's convictions and sentences on counts one and two and his multiple offender stipulation and enhanced sentence on count one.

We pretermit discussion of Defendant's second assignment of error regarding whether he should be retried for the offense of second degree murder. The issue is premature as the State has not indicated that it would seek to re-try Defendant for second degree murder. *See Alexander*, *supra* at 1182, n.3.

### *DECREE*

Considering the foregoing, we vacate Defendant's sentences and convictions on counts one and two, and his multiple offender stipulation and enhanced sentence on count one. The matter is remanded for further proceedings consistent with this opinion.

<u>**CONVICTIONS AND SENTENCES VACATED;**</u>
<u>**REMANDED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 2, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-67**

### E-NOTIFIED
23RD JUDICIAL DISTRICT COURT (CLERK)
HON. KATHERINE TESS STROMBERG (DISTRICT JUDGE)
DONALD D. CANDELL (APPELLEE)      LINDSEY D. MANDA (APPELLEE)      KATHERINE M. FRANKS (APPELLANT)
GRANT L. WILLIS (RESPONDENT)

### MAILED
HONORABLE RICKY L. BABIN
(APPELLEE)
DISTRICT ATTORNEY
23RD JUDICIAL DISTRICT COURT
POST OFFICE BOX 1899
GONZALES, LA 70707