Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,445-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                         Appellee

Versus

SHARON LEANN JOHNSON                       Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 380,858

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Annette Roach

SHARON LEANN JOHNSON                   Pro Se

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

JASON W. WALTMAN
REBECCA A. EDWARDS
Assistant District Attorneys

* * * * *

Before STEPHENS, THOMPSON, and HUNTER, JJ.

**STEPHENS, J.,**

This appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana, the Honorable Donald E. Hathaway, Jr., Judge, presiding. Defendant, Sharon LeAnn Johnson, has been improperly granted an appeal from the denial of a *resubmitted* application for post-conviction relief. While the *original* PCR application was wending its way through the judicial system, this matter was treated as an actual appeal, remanded to the district court for the appointment of appellate counsel, and the parties filed briefs on the issues that *would have been considered* had the trial court granted the original relief requested, i.e., an out-of-time appeal.

### FACTS/PROCEDURAL BACKGROUND

On **January 27, 2021**, Ms. Johnson was indicted for the second degree murder of her nine-month-old baby, H.J., occurring on or about May 2 or May 3, 2020, a violation of La. R.S. 14:30.1. While she was incarcerated at Caddo Correctional Center, Ms. Johnson gave birth to another baby, Z.J., who was placed in the guardianship of the foster family with whom Ms. Johnson's oldest child, R.B., had been placed following H.J.'s murder and R.B.'s physical abuse.[1] *See*, *State in the Interest of Z.J.*, 54,029 (La. App. 2 Cir. 8/11/21), 326 So. 3d 960. On **December 22, 2021**, the State filed an amended bill charging Ms. Johnson with one count of manslaughter, a violation of La. R.S. 14:31, and Ms. Johnson pled guilty with an agreed-upon sentence of 40 years at hard labor, thus avoiding the possibility of a life sentence if convicted of second degree murder. A

---

[1] H.J. had head and facial injuries, cuts, whiplash-shaken infant syndrome, internal injuries, and bone fractures. R.B. had two broken legs, a lacerated liver, and other evidence of abuse.

special condition of the agreement was that she would testify truthfully against her co-defendant, Jack Harris.

On **March 30, 2022**, Ms. Johnson filed a "Motion for *Boykin* Transcript, Revocation and/or Sentencing Transcript." The trial court granted the motion for the transcript in a ruling filed **April 12, 2022**. Here is where the procedural trail splits somewhat. On **October 26, 2022**, in **No. 55,191-KH**, Ms. Johnson filed an application for post-conviction relief ("PCR"), seeking an out-of-time appeal. She raised an ineffective assistance of counsel claim, urging her attorney's failure to timely appeal her conviction/sentence constituted error. On **January 11, 2023**, in **No. 55,445-KA**, Ms. Johnson **resubmitted** to the trial court the application for PCR she had filed in October 2022. (It should not have been accepted per La. C. Cr. P. art. 930.4). On **January 26, 2023**, in **No. 55,191-KH**, the trial court **denied** Ms. Johnson's application for PCR on the showing made. On **February 13, 2023**, in **No. 55,445-KA**, the trial court **granted a notice of intent to appeal** the denial of either the resubmitted application for PCR (no appeal lies from a judgment dismissing an application or otherwise denying relief-C. Cr. P. art. 930.6(B)) or granted her an appeal from its denial of the original application for PCR, from which she **filed a writ** with the Second Circuit on **March 10, 2023**, in **No. 55,191-KH**.

On **April 13, 2023**, in **No. 55,191-KH**, the Second Circuit **denied the writ**. *State v. Sharon LeAnn Johnson*, **No. 55,191-KH** (La. App. 2 Cir. 4/13/23) (not published) (Hunter, J., dissenting). On **May 11, 2023**, in **No. 55,191-KH**, Ms. Johnson **took writs** to the Louisiana Supreme Court. On **July 13, 2023**, in **No. 55,445-KA**, the **record was lodged** with Second Circuit, and thereafter, Ms. Johnson and the State filed briefs. (The appeal

2

should have been dismissed at this time as improvidently granted per La. C. Cr. P. art. 930.6(B)).

Nonetheless, on **October 24, 2023**, in **No. 55,445-KA**, the Second Circuit remanded the matter to the district court for determination of representation. On **October 31, 2023**, in **No. 55,191-KH**, **writs were denied** by the Louisiana Supreme Court. *State v. Sharon LeAnn Johnson*, 23-00671 (La. 10/31/23), 372 So. 3d 810. On **November 13, 2023**, in **No. 55,445-KA**, the trial court appointed the Louisiana Appellate Project to represent Ms. Johnson and supplemented the appellate record with a transcript of the hearing. On **February 29, 2024**, **and March 07, 2024**, in **No. 55,445-KA**, briefs were filed by appellate counsel and the State, and the matter was submitted to a three-judge panel.

## DISCUSSION

This appeal is not properly before this Court. First, the district court erred in reconsidering Ms. Johnson's resubmitted post-conviction application as it was identical to the first one that the district court was in the process of ruling on. La. C. Cr. P. art. 930.4(D) provides that a successive application shall be dismissed if it fails to raise a new or different claim.

Furthermore, had this "resubmitted" PCR application actually raised a new or different claim, no appeal lies from the denial of an application for PCR. La. C. Cr. P. art. 930.6(A) provides that a petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post-conviction relief. *No appeal lies from a judgment dismissing or otherwise denying relief*. As noted by the Louisiana Supreme Court, an application for supervisory writs is the petitioner's sole method for seeking review of the

trial court's disposition of an application for post-conviction relief. *State ex rel. Washington v. State*, 15-1878 (La. 2/17/17), 211 So. 3d 376; *State v. Ford*, 96-2919 (La. 5/30/97), 694 So. 2d 917; *State v. Clayton*, 96-1658 (La. 2/7/97), 687 So. 2d 996; *State ex rel. Lewis v. Cr.D.C.*, 571 So. 2d 659 (La. 1990); *State v. Counterman*, 475 So. 2d 336 (La. 1985).

Finally, Ms. Johnson's claims have been fully litigated. This occurred on October 13, 2023, when the Louisiana Supreme Court denied Ms. Johnson's application for a writ of *certiorari* from this Court's denial of her application for a supervisory writ from the district court's denial of her initial application for post-conviction relief in **No. 55,191-KH**.

## CONCLUSION

For the reasons set forth above, this appeal is dismissed.

**APPEAL DISMISSED.**

4